**HONG CHUN CHEN, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**No. 05–4548–AG.**

United States Court of Appeals, Second Circuit.

Aug. 16, 2006.

Sunit K. Joshi, New York, NY, for Petitioner.

Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, NC, for Respondent.

Present DENNIS JACOBS, ROBERT D. SACK and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Hong Chun Chen, a native and citizen of the People's Republic of China ("China"),

seeks review of an August 8, 2005 order of the BIA affirming the January 9, 2004 decision of Immigration Judge ("IJ") Helen Sichel denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen, Hung Chun,* No A79–424–746 (BIA Aug. 8, 2005) aff'g No A79–424–746 (Immig.Ct.N.Y.City, January 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ found Chen incredible because, although he testified that he left China because his wife was forcibly sterilized by the authorities, he failed to mention the alleged sterilization in either his airport or credible fear interviews, but claimed, instead, that he left China because the officials wanted to sterilize him. The IJ accurately characterized the record, and she reasonably relied on this discrepancy, or omission, in finding Chen incredible, given the centrality of the alleged sterilization to Chen's claim for relief. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir. 2003). Moreover, the IJ considered and reasonably rejected Chen's explanations for the inconsistency.

Chen's claim that the IJ failed to make an adverse credibility finding is not supported by the record. Although the IJ did not use credibility terminology in her opinion, she clearly made an adverse credibility finding based on "the discrepancy between [Chen's] testimony at the credible fear interview and his asylum application and testimony in Court ... [which he] was unable to resolve.. to the satisfaction of this Court ... [such that] the Court cannot find that [Chen] has met his burden of proof."

These findings are sufficient for us to uphold the IJ's decision. Since the only evidence of a threat of future persecution to Chen depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims of a well-founded fear of persecution and for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006) (holding that for an applicant who has been determined to be incredible to prevail on a future persecution claim, the predicate of that claim must be independent of the testimony that the IJ found to be incredible); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Because Chen did not raise his CAT claim before the BIA, and he does not raise it here, his claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).